UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-0712-DMG (AGRx)** | Date | April 4, 2012 |
|---|---|---|---|

| Title | ***The Bank of New York Mellon v. Jerome Octaviano, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 26, 2012, defendant removed this case from Los Angeles County Superior Court to this Court asserting subject matter jurisdiction on the basis of federal question (28 U.S.C. § 1331) and diversity (28 U.S.C. § 1332). The complaint, however, raises no federal question, nor does it reveal a basis for diversity jurisdiction. Therefore, on March 13, 2012, the Court issued an Order to Show Cause why this action should not be remanded to the Los Angeles Superior Court for lack of subject matter jurisdiction ("OSC"). [Doc. # 20.]

In his response to the OSC, defendant argues that both federal question and diversity provide bases for subject matter jurisdiction herein.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint does not reveal a basis for diversity jurisdiction as the amount in controversy is well below the $75,000 jurisdictional threshold. Plaintiff sues for unlawful detainer seeking possession of real property and restitution for defendants' use and occupancy of the property in the amount of $100.00 per day starting on January 10, 2012. (compl. at 4.) The caption of the complaint clearly states that the amount of damages sought by plaintiff does not exceed $10,000.

Because the sole cause of action for unlawful detainer arises from state law, there also is no basis for federal question jurisdiction. Federal question jurisdiction cannot rest upon an

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-0712-DMG (AGRx) | Date | April 4, 2012 |
| Title | *The Bank of New York Mellon v. Jerome Octaviano, et al.* | Page | 2 of 2 |

actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009).

    As such, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court.

    IT IS SO ORDERED.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk VV |